1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JARED A. ROSE                          No.  2:11-cv-1392 DAD

12              Plaintiff,

13        v.                                ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16              Defendant.

17

18              This social security action was submitted to the court without oral argument for

19   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

20   judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is

21   granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

22                            PROCEDURAL BACKGROUND

23              On March 10, 2008, plaintiff's mother filed on behalf plaintiff, who was at that

24   time a minor, an application for Supplemental Security Income ("SSI") under Title XVI of the

25   Social Security Act ("the Act") alleging disability beginning on February 22, 2008.  (Transcript

26   ("Tr.") at 104-10.)  Plaintiff's application was denied initially and upon reconsideration.  (Id. at

27   70-73, 75-79.)  Thereafter, plaintiff requested a hearing and a hearing was held before an

28   Administrative Law Judge ("ALJ") on November 30, 2009.  (Id. at 47-67.)  Plaintiff was

                                         1

represented by counsel and his mother testified at the administrative hearing.  In a decision issued on January 28, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 34.)

The ALJ entered the following findings:

> 1. Jared was born on August 10, 1995.  Therefore, he was an adolescent on February 29, 2008, the date the application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).

> 2. Jared has not engaged in substantial gainful activity since February 29, 2008, the application date (20 CFR 416.924(b) and 416.971 et seq.).

> 3. Jared has the following severe impairments:  Attention-Deficit Hyperactivity Disorder (ADHD), Asperger's Syndrome, Oppositional Defiant Disorder (ODD) (20 CFR 416.924(c)).

> 4. Jared does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

> 5. Jared does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).

> 6. Jared has not been disabled, as defined in the Social Security Act, since February 29, 2008, the date the application was filed (20 CFR 416.924(a)).

(Id. at 23-34.)

On March 31, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 3-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 23, 2011.[1]

/////

---

[1]  On March 13, 2013, the court ordered plaintiff to file a motion for the appointment of a guardian ad litem within fourteen days because, at that time, plaintiff was still a minor.  (Doc. No. 21.)  Receiving no response the court stayed this matter on March 29, 2013.  (Doc. No. 22.)  On July 9, 2013, the court issued an order to show cause as to why this matter should not be dismissed for lack of prosecution.  (Doc. No. 23.)  On July 23, 2013, plaintiff filed a motion for a 118-day extension of time, explaining that counsel had inadvertently failed to respond to the court's March 13, 2013 order, and a motion for the appointment of a guardian ad litem.  (Doc. Nos. 24 & 25.)  The record, however, reflects that plaintiff is no longer a minor.  Accordingly, plaintiff's motion for an extension of time will be granted and plaintiff's motion for the appointment of a guardian ad litem will be denied as moot.

1          LEGAL STANDARD

2          "The district court reviews the Commissioner's final decision for substantial

3  evidence, and the Commissioner's decision will be disturbed only if it is not supported by

4  substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir.

5  2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as

6  adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001);

7  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

8          "[A] reviewing court must consider the entire record as a whole and may not

9  affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec.

10  Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th

11  Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either

12  affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari,

13  298 F.3d 1072, 1075 (9th Cir. 2002).

14          For a child under the age of eighteen to qualify for disability benefits, the child

15  must have "a medically determinable physical or mental impairment, which results in marked and

16  severe functional limitations, and which can be expected to result in death or which has lasted or

17  can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

18  1382c(a)(3)(C)(i).  To determine whether a child is eligible for benefits on the basis of a

19  disability, the Social Security Administration has adopted a three-step sequential analysis.  20

20  C.F.R. § 416.924(a).  First, the ALJ considers whether the child is engaged in "substantial gainful

21  activity." Id. at § 416.924(b).  Second, the ALJ considers whether the child has a "medically

22  determinable impairment that is severe," which is defined as an impairment that causes "more

23  than minimal functional limitations." Id. at § 416.924(c).  Finally, if a severe impairment is

24  found, the ALJ must consider whether the impairment meets, "medically equals," or "functionally

25  equals" a disability listed in the regulatory "Listing of Impairments." Id. at § 416.924(c)-(d).  An

26  impairment is considered to be functionally equivalent to a listed impairment if it results in

27  extreme limitations in one area of functioning or marked limitations in two areas.  20 C.F.R. §

28  416.926a(a).  A "marked limitation" is one that "seriously interferes with [a person's] ability to

3

1   independently initiate, sustain, or complete activities."  Id. at § 416.926a(e)(2)(i).  An "extreme

2   limitation" is one that "interferes very seriously with [a person's] ability to independently initiate,

3   sustain, or complete activities."  Id. at § 416.926a(e)(3)(i).

4            To determine whether an impairment exists, the child's ability to function in the

5   following six domains is considered:  (1) to acquire and use information; (2) to attend to and

6   complete tasks; (3) to interact and relate with others; (4) to move about and manipulate objects;

7   (5) to care for oneself; and (6) the child's general health and physical well-being.  20 C.F.R. §

8   416.926a(a)-(b).  To demonstrate functional equivalence, the child must exhibit a marked

9   limitation in two of the domains, or an extreme limitation in one domain.  20 C.F.R. §

10  416.926a(e)(2)(i).

11                                       APPLICATION

12           Plaintiff argues that in finding that he did not have a marked limitation in his

13  ability to attend to and complete tasks[2], the ALJ rejected the medical opinion evidence and a

14  report from plaintiff's teacher without providing specific and legitimate reasons for doing so and,

15  therefore, the ALJ's decision is not supported by substantial evidence in the record.[3]  (Pl.'s MSJ

16  (Doc. No. 18) at 19-23.[4])  Specifically, plaintiff argues that the ALJ improperly rejected the

17  opinions of plaintiff's treating psychiatrists, Dr. Robert Sears and Dr. Mark Germine, and

18  plaintiff's examining psychologists, Dr. Tim Hoff and Dr. Sarah Collard.  (Id.)  Plaintiff also

19  argues that the ALJ failed to properly consider the opinion of plaintiff's teacher, Scott Thorpe.

20  (Id. at 20-22.)  Having reviewed the record, the court finds plaintiff's arguments unpersuasive.

21  /////

22

23  [2] "In this domain, we consider how well you are able to focus and maintain your attention, and
    how well you begin, carry through, and finish your activities, including the pace at which you
24  perform activities and the ease with which you change them."  20 CFR § 416.926a(h).

25  [3] Although plaintiff's motion asserts four separate claims of errors, those claims are interrelated
    and the propriety of the ALJ's treatment of the medical opinion evidence and the statement from
26  plaintiff's teacher is dispositive as to all issues raised in this action.

27  [4] Page number citations such as this one are to the page number reflected on the court's CM/ECF
28  system and not to page numbers assigned by the parties.

In this regard, Dr. Tim Hoff examined plaintiff on May 8, 2007, and administered multiple standardized test.[5]  Testing "scores purported the probability" that plaintiff exhibited "an attention processing deficit, which impedes, to a slight extent, his short-term recall," and "subtle hints" that plaintiff may have also had "a sensory-motor processing deficit." (Tr. at 278.)  Dr. Hoff's concluded, in relevant part, that plaintiff had "near-average learning potential" with "probable processing deficits in attention and sensory-motor skills, and highly suggestive emotionally-based problems that externalize in the form of defiance/rebellion, poor peer relationships, emotional anguish, and over-active mannerisms." (Id. at 279.)

The ALJ's opinion reviewed Dr. Hoff's examination, (id. at 25), and referred to Dr. Hoff's findings in evaluating plaintiff's ability to attend to and complete tasks. (Id. at 29.) The ALJ specifically noted that Dr. Hoff's examination revealed that plaintiff had an attention processing deficit which only slightly impeded his short-term recall. (Id.)

On August 29, 2007, Dr. Sarah Collard, examined plaintiff. (Id. at 409-12.)  Dr. Collard's found that plaintiff met the criteria for "Emotional Disturbance" due to his poor social skills, inappropriate types of behavior or feelings and tendency to exhibit symptoms in response to problems at home or in school which undermine his ability to be successful academically. (Id. at 411.)  The ALJ's opinion reviewed Dr. Collard's findings, (id. at 25), but did not refer to Dr. Collard's findings in evaluating plaintiff's ability with regard to attending to and completing tasks, presumably because Dr. Collard's examination and opinion were not relevant to that issue.

Dr. Robert Sears began treating plaintiff in April of 2008. (Id. at 365.)  On May 28, 2008, Dr. Sears drafted a letter concerning plaintiff's transition to junior high school. (Id. at 376.)  Therein, Dr. Sears noted that plaintiff had a "very low score on processing speed (80) relative to his other intelligent testing" and therefore should be given extra time to complete academic tasks and should be graded based on the accuracy of his answers, instead of the

---

[5]  In addressing the validity of those test results, Dr. Hoff stated that plaintiff's "attitude and effort were seen to be oscillating factors, which appeared to be dependent on whether or not he found the material interesting" and predicted that if plaintiff "would have had a better attitude and shown greater effort (rather than just giving up) his cognitive tests scores would of shown elevated advancement" from the scores obtained. (Tr. at 276.)

1    completeness of his work.[6]  (Id.)

2            The ALJ discussed Dr. Sears' treatment of plaintiff as well as his May 28, 2008

3    letter, in her opinion.  (Id. at 26.)  The ALJ found that Dr. Sears' letter was consistent with the

4    ALJ's own assessment and reflected that plaintiff had less than marked limitations in attending

5    and completing tasks  (Id.)  In this regard, the ALJ found that Dr. Sears' treatment records

6    reflected that plaintiff's ability to pay attention and complete tasks improved with treatment and

7    that Dr. Sears' recommendations regarding plaintiff's transition to junior high amounted to

8    "standard interventions."  (Id. at 30.)  The court notes that this finding by the ALJ is also

9    consistent with the treatment records of Dr. Mark Germine.

10           In this regard, Dr. Mark Germine saw plaintiff on September 12, 2008, and noted

11   that he could not stay on task or cope with changes.  (Id. at 453.)  Thereafter, Dr. Germine's

12   treatment notes reflect that plaintiff's medication was adjusted and plaintiff reported feeling

13   "quiet well" and experienced an improvement in his grades.  (Id. at 450.)  On February 27, 2009,

14   plaintiff again reported feeling "very well" and his mother stated that plaintiff could "pay

15   attention in school" and that his "grades improved."  (Id. at 449.)  In June of 2009, plaintiff

16   reported to Dr. Germine that he was "feeling pretty good," was doing well in school and was

17   "able to pay attention, getting B's mostly."  (Id. at 448.)  At this time, Dr. Germine determined

18   that plaintiff was "optimized on current meds."  (Id.)  On July 31, 2009, plaintiff reported "[n]ot

19   doing well with anger" and Dr. Germine again adjusted his medication.  (Id. at 458.)  On August

20   26, 2009, plaintiff reported that he was feeling "pretty good," was "actually quite happy" when

21   /////

22   /////

23   /////

24   /////

25   /////

26

27   _____

     [6]  The court observes that it appears that Dr. Sears was referring to, and characterizing, plaintiff's
28   test results obtained pursuant to Dr. Hoff's examination, and not based upon any independent
     examination administered by Dr. Sears himself.

1    taking his dosage of Depakote in the morning and was "[a]ble to pay attention."[7] (Id. at 457.)

2          The ALJ's opinion discussed Dr. Germine's treatment of plaintiff in great detail.

3    (Id. at 26-27.)  The ALJ found, in relevant part, that Dr. Germine's treatment records supported

4    the ALJ's finding that plaintiff had less than a marked limitation in attending and completing

5    tasks, noting that plaintiff "readily responded to treatment."  (Id.at 27.)  In light of the evidence

6    discussed above, this finding by the ALJ is supported by record.

7          The ALJ also considered the March 12, 2008, Teacher Questionnaire completed by

8    plaintiff's teacher, Scott Thorpe.  (Tr. at 25-26, 30.)  Mr. Thorpe's answers to that questionnaire

9    reveal the following.  Mr. Thorpe had known plaintiff for three years and saw him for seven hours

10   a day.  (Id. at 175.)  Plaintiff was then in the sixth grade and his ability with respect to math and

11   writing were at a sixth grade level while his reading ability was at a fifth grade level.  (Id.)

12          With regard to plaintiff's ability to attend to and complete tasks, the questionnaire

13   asked Mr. Thorpe to rate plaintiff's functioning in thirteen activities in comparison to children of

14   the same age without impairments.  (Id. at 177.)  Mr. Thorpe indicated that plaintiff had no

15   problem carrying out single step-instructions or waiting to take turns.  (Id.)  Plaintiff had only a

16   slight problem with paying attention when spoken to, sustaining attention during play, refocusing

17   when necessary and carrying out multi-step instructions.  (Id.)  Plaintiff had an obvious problem

18   with focusing long enough to finish assigned activities, changing from one activity to another

19   without being disruptive, organizing his own things, completing work accurately and working

20   without distracting himself or others.  (Id.)  Plaintiff had a serious problem with respect to

21   completing class/homework assignments and working at a reasonable pace/finishing on time.

22   (Id.)  However, of the thirteen activities identified in evaluating plaintiff's ability to attend to and

23

24   ───────────────────
     [7]  Plaintiff acknowledges in his motion that his grades for the 2008-09 school year and first

25   quarter of the 2009-10 school year improved in comparison to the prior two years.  (Pl.'s MSJ
     (Doc. No. 18) at 7.)  Moreover, it appears from the record before the court that by the first quarter

26   of the 2009-10 school year plaintiff was not failing any of his classes.  "The lack of failing grades
     . . . is inconsistent with a finding of disability."  Meredith ex rel. D.H. v. Astrue, No. CV-09-

27   0384-CI, 2011 WL 1303308, at *7 (E.D. Wash. Apr. 5, 2011).  See also Jamerson v. Chater, 112
     F.3d 1064, 1067 (9th Cir. 1997) (lack of failing grades in special education class can "constitute

28   substantial evidence in support of the Commissioner's finding that claimant is not disabled.").

1   complete tasks, plaintiff had a serious problem with only two of those thirteen activities in

2   comparison to other children of the same age without impairments.[8]

3          Moreover, the teacher questionnaire asked for further input as to plaintiff's

4   functioning in this area and Mr. Thorpe stated, in part, that plaintiff's "problem in any area is lack

5   of follow through.  He skips after school programs and does little or no homework."  (Id.)  Mr.

6   Thorpe also provided additional comments, noting that plaintiff was "highly intelligent" and that

7   "[w]ith the proper guidance and support from his parents and teaching staff" he had the "potential

8   to achieve success."[9]  (Id. at 182.)

9          In light of the evidence of record discussed above, the court finds that there was

10   substantial evidence to support the ALJ's finding that plaintiff's limitation with respect to his

11   ability to attend to and complete tasks was less than marked and that the record as a whole

12   supports affirming the ALJ's decision.[10]

13                            CONCLUSION

14          The court has found that plaintiff is not entitled to summary judgment in his favor

15   with respect to any of his arguments.

16          Accordingly, IT IS HEREBY ORDERED that:

17        1.  The stay of this action is lifted;

18        2.  Plaintiff's motion for an extension of time (Doc. No. 24) is granted;

---

[8]  A "marked limitation" is one that "*seriously* interferes with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i) (emphasis added).

[9]  Mr. Thorpe's opinion seems particularly prescient in light of the improvement in plaintiff's grades that was realized once plaintiff was optimized on medication.

[10]  The court notes that two nontreating, nonexamining State agency physicians also found that plaintiff had less than a marked limitation in his ability to attend to and complete tasks.  (Tr. at 350, 380.)  "[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  See also Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by all other evidence in the record"); Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989) ("reports of consultative physicians called in by the Secretary may serve as substantial evidence").

3.  Plaintiff's motion for the appointment of a guardian ad litem (Doc. No. 25) is denied as moot;

4.  Plaintiff's motion for summary judgment (Doc. No. 18) is denied;

5.  Defendant's cross-motion for summary judgment (Doc. No. 19) is granted; and

6.  The decision of the Commissioner of Social Security is affirmed.

Dated:  September 28, 2013

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\rose1392.ord.docx